UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**HOWARD COHAN,**
    Plaintiff,                                                   **CASE NO.:  9:22-cv-80666-RAR**

vs.

**SUBCULTURE JUPITER, INC.**
**a Florida Profit Corporation**
**d/b/a SUBCULTURE COFFEE**
    Defendant(s).
_____/

## SETTLEMENT AGREEMENT AND RELEASE

IT IS HEREBY stipulated and agreed by and between Plaintiff, HOWARD COHAN (hereinafter referred to as "Plaintiff"), and Defendant, SUBCULTURE JUPITER, INC., a Florida Profit Corporation, d/b/a SUBCULTURE COFFEE, located at 107 Front St, Jupiter, Florida 33477, (hereinafter referred to as "Defendant"), collectively referred to herein as "Parties", as follows:

WHEREAS, Plaintiff filed the above styled action against Defendant for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, et seq. ("ADA"), pursuant to which Plaintiff seeks injunctive relief and attorneys' and expert's fees, expenses, and costs;

WHEREAS, the Parties have agreed to a settlement of the above-styled action as more particularly set forth in this Agreement; and the Parties desire to avoid further expense, time, effort and uncertainty in regard to the above-styled action;

NOW, THEREFORE, in consideration of the mutual covenants and undertakings contained herein, and other good and valuable consideration, the Parties agree to the following terms and conditions as full and complete settlement of the above-styled action:

    1.    <u>Modification(s).</u>  Plaintiff brought suit against Defendant seeking an injunctive relief requiring Defendant to make modifications on the Property to correct the following alleged violations:
        **Restroom #1**

1

    a. Failure to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.
    b. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.
    c. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (Door lock)
    d. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (Door handle)
    e. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1. (Baby changing table)
    f. Failure to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.
    g. Failure to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§ 609, 609.4 and 609.7. (Side and side)
    h. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.
    i. Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3. (Hand dryer)
    j. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4. (Toilet paper dispenser)
    k. Providing pathways and or aisles that are too narrow in violation of 2010 ADAAG §§ 403, 403.1 and 403.5.1.

**Restroom #2**
    l. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (Door handle)
    m. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (Door lock)
    n. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1. (Sink)
    o. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.
    p. Providing grab bars of improper horizontal length or spacing as required along the side wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.

q. Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§ 604 and 604.2.
r. Failure to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.
s. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4. (Toilet paper dispenser)
t. Failure to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§ 609, 609.4 and 609.7. (Side and rear)
u. Providing sinks and/or countertops that are greater than the 34-inch maximum allowed above the finished floor or ground in violation of 2010 ADAAG §§606 and 606.3.
v. Failure to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

**Pathway to Restrooms**
w. Providing pathways and or aisles that are too narrow in violation of 2010 ADAAG §§ 403, 403.1 and 403.5.1.

**Indoor Seating**
x. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.
y. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.
z. Failure to provide a sufficient dispersion of seating thought the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.2, 902, 305 and 306.

**Outdoor Seating**
aa. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.
bb. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

The parties agree that Defendant will make or has already made modifications to correct the above referenced violations (a-bb). Any modifications not already completed will be completed within the modification window further described in Paragraph 3.

2.  <u>Release.</u>  In exchange for the good and valuable consideration set forth herein, the sufficiency of which is hereby acknowledged, the parties hereto mutually release each

other, or through their corporate capacity, agents, employees, family members, partners, successors, assigns, and heirs, along with anyone claiming by or through them, jointly and severally (collectively the "Releasing Parties"), hereby release, acquit, satisfy and discharge the other, to the extent and exclusively as to the subject facility only and along with any and all of their predecessors, agents, employees, assigns, heirs, officers, directors, shareholders, members, affiliated entities, and any entity or person related to them, jointly and severally (hereinafter the "Released Parties"), from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action or suits of any kind which the Releasing Parties may have, may have had, or may hereafter raise against the Released Parties with respect to the Property and this subject litigation arising under Title III of the ADA including all claims by the Releasing Parties for attorneys' fees and costs, expert fees, litigation expenses, or any other amount, fee, and/or cost, with the exception of the attorneys' fees and costs required to be paid by Defendant pursuant to paragraph 4 of this Agreement. Plaintiff specifically agrees that this release applies to any alleged barrier to access at any Subculture entity and waives any cause of action for the same as part of this agreement.

3.  <u>Right to Bring Suit to Enforce this Agreement:</u> Plaintiff reserves the right to bring suit against Defendant if Defendant fails to make the above referenced modification(s) listed in paragraph 1 within eight (8) months of the signing of this Agreement.

4.  <u>Attorneys' Fees, Costs, Expenses, and all other Amount due by Defendants.</u> Defendant has agreed to pay, and Plaintiff has agreed to accept the total sum of $4,000.00 (Four Thousand Dollars) ("Settlement Amount"), which shall be paid within five (5) days of the execution of this Settlement Agreement by all parties. This amount is inclusive of all Plaintiff's attorney fees, court costs, and related expenses, as well as specific reimbursement of expert fees. The Settlement Amount shall be made payable to the Sconzo Law Office, P.A. and be submitted to Sconzo Law

Office, P.A., 3825 PGA Boulevard, Suite 207, Palm Beach Gardens, FL 33410 after Defendant receives a copy of this Agreement executed by Plaintiff. Plaintiff's counsel further acknowledges that Plaintiff, Plaintiff's counsel, and their respective consultants, experts, and any similar person or entity are not entitled to any other amounts whatsoever from the released parties in connection with the above-styled lawsuit and/or settlement of same up to this date in time.

    5.    <u>Confidentiality.</u>  The Parties agree that neither the existence nor the terms of this Agreement shall be communicated to any individual or entity engaged in the business of print or electronic media and/or journalism. The Parties agree that this Agreement shall not be filed with any court, except as necessary for purposes of an action brought to enforce the terms of this Agreement, as set forth herein. The Parties agree to maintain the confidentiality of the terms of this Settlement Agreement.

    6.    <u>Invalidation.</u>  If any provision of this Agreement is invalidated by a Court of competent jurisdiction, then all of the remaining provisions of this Agreement shall remain in full force and effect, provided that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

    7.    <u>Drafting.</u>  The Parties acknowledge that Plaintiff and Defendant were able to draft, review, and revise this Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed against any of the Parties in the interpretation of this Agreement.

    8.    <u>Merger.</u>  This Agreement constitutes the entire agreement between the Parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein. Any agreement to amend or modify the terms and conditions of this Agreement must

be in writing and executed by the Parties hereto.

9. <u>Non-Admission of Liability.</u>  Neither this Agreement, nor anything contained herein, shall constitute or is to be construed as an admission by Defendant, the Released Parties, or by any officials, contractors or agents of Defendant or the Released Party of a violation of any federal, state or local statute, any state or municipal fire safety or building code, or as evidence of any other liability, wrongdoing, or unlawful conduct. The Parties acknowledge that this Agreement has been entered into by the Parties to avoid the costs and expenses of continued litigation and to settle disputed claims.

10. <u>Dismissal.</u>  Within ten (10) business days of the date this agreement is fully executed and upon receipt and clearance of the settlement funds, Plaintiff shall file a Stipulation for Dismissal with Prejudice dismissing Defendant from this suit. The Parties further agree that this Agreement shall not be filed with the Court, except as necessary for enforcement purposes, or unless otherwise required by the Court.

11. <u>Governing Law.</u>  This Agreement shall be governed by and construed in accordance with the laws of the State of Florida and, where applicable, the ADA without regard to principles of conflicts of law and any suit arising as a result of a breach of this Agreement shall be filed in the United States District Court for the Southern District of Florida.

12. <u>Counterparts.</u>  The Parties agree that this Agreement and any and all other documents in connection with settlement of this matter may be executed in exact counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument. Any signature page delivered by facsimile transmission or e-mail shall be treated in all manner and respects as an original document.

13. <u>Covenant Not to Sue.</u>  Plaintiff hereby covenants and agrees that he will not file or

permit to be filed on his behalf, any action, suit or administrative proceeding, or take any other action which seeks to pursue or enforce any claim, demand, cause of action, suit or liability which he has released herein.

IN WITNESS WHEREOF, The Parties hereto execute this Agreement.

By:_____     Date:_____
   HOWARD COHAN,
   PLAINTIFF

By:_____     Date:_____9/21/2022_____
   SUBCULTURE JUPITER, INC.
   a Florida Profit Corporation
   d/b/a SUBCULTURE COFFEE
   DEFENDANT