UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-cv-80509-CANNON/REINHART

HOWARD COHAN,

        Plaintiff,

vs.

SUBCULTURE COFFEE PGA, INC.,

        Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS [ECF No.44]**

Plaintiff, Howard Cohen moves for attorney's fees following Judge Cannon's entry of final judgment in his favor. ECF Nos. 38,44. Mr. Cohen filed his renewed motion on June 24, 2024, asking for $9,085.00 in attorneys' fees, which includes $195 for legal assistant fees, and $2,804.25 for litigation expenses. The Defendant Subculture Coffee PGA, Inc., ("Subculture PGA" has not responded to the motion and the time for a response has expired. I have reviewed Mr. Cohen's Motion and the accompanying affidavits and for the reasons that follow, I **RECOMMEND** that Mr. Cohen's Renewed Motion for Attorney's Fees and Costs be **GRANTED IN PART** and **DENIED IN PART.**

        I.        LEGAL PRINCIPLES

1. <u>Attorneys' Fees</u>

The prevailing party in an ADA action can be awarded "a reasonable attorney's fee, including litigation expenses and costs." 42 U.S.C. §12205. In calculating attorney fee awards, courts use the lodestar method, where a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423,427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained. Barnes, 168 F.3d at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).[1]

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

---

[1] Some of the factors courts should consider in computing the lodestar amount are (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, as well as the requisite skill level; (2) the fee customarily charged in the locality for comparable legal services; (3) the significance of the matter, the amount involved, and the results obtained; and (4) the experience, reputation, and ability of the lawyer. See *Wachovia Bank v. Tien*, No. 04-20834, 2015 WL 10911506, at 1 (S.D. Fla. Apr. 7, 2015) (citing *Johnson v. Georgia Highway Express*, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974)).

The Court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "all of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees," including the *Johnson* factors. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively") (emphasis in original). In addition, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and the Court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."). See also *Norman*, 836 F.2d at 1303 ("[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . .").

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

3

168 F.3d at 427 (citations and quotations omitted). In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)).

Even though Defendant has not objected to the amount of fees and costs requested, I am nevertheless obligated to conduct an independent analysis to ensure that the attorney's fees sought are reasonable. *See Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

## II.   DISCUSSION

1. <u>Attorney's Hourly Rate</u>

Mr. Cohen is represented by Attorney Gregory Sconzo. Mr. Sconzo is an experienced attorney who specializes in prosecuting ADA cases and frequently represents Mr. Cohan, who "acts as a 'tester' for the purpose of discovering" ADA violations in public accommodations. Complaint at ¶14. Mr. Sconzo is seeking an hourly rate of $350.00. I find that $350 is a reasonable hourly rate for counsel's time given his experience and the prevailing rates for similar lawyers in Palm Beach County.

2. <u>Hours Expended</u>

Mr. Sconzo's billing records indicate that he and his legal assistant spent 26.7 hours litigating this case on behalf of Plaintiff over a ten-month period. ECF No. 44 at 2. During this time, Mr. Sconzo filed a complaint that Subculture PGA conceded to, attended mediation, moved for summary judgment, and received final judgment in favor of his client. ECF Nos. 1, 11, 20, 21, 38. In addition, Mr. Sconzo conferred with an expert about the ADA violations at Subculture PGA.

I find that some of Mr. Sconzo's billing entries charge excessive time for simple tasks, particularly given Mr. Sconzo's familiarity with ADA cases (i.e., filling out a cover sheet and summons form, reviewing routine Court orders and clerk's office entries on the docket, etc.) and the fact that Subculture PGA had already conceded the allegations in the complaint. In the fee petition, there are over twenty entries where the timekeeper billed 0.1 hour to "receive and review" correspondence from defense counsel, "receive and review" paperless orders, and "receive and review" single page orders. ECF No. 44 Ex. 1B at 2-6. I find this practice to be excessive and reduce these hours by two-thirds. *See DaSilva v. Vozzcom, Inc.*, No. 08-80040-CIV, 2009 WL 10667450, at 7 (S.D. Fla. June 9, 2009) (citing *Denner v. Texas Dept. of Criminal Justice*, No. SA-05-CA-184-XR, 2007 WL 294191, at 3 (W.D. Tex. Jan. 29, 2007) ("[C]ourt found attorney billed an excessive amount of time for reviewing emails, where she appeared to have billed .1 hour for each email she read."); *Alexandre v. Millenia Hous. Mgmt., Ltd.,* No. 19-80612-CIV, 2020 WL 9458895, at 5

(S.D. Fla. Mar. 4, 2020), report and recommendation adopted, No. 19-80612-CIV, 2020 WL 9458738 (S.D. Fla. Mar. 23, 2020).

The $195 for legal assistant services are not compensable because they are for clerical work not traditionally done by an attorney. *Cohan v. Baby Marathon, LLC*, No. 20-60185-CIV, 2020 WL 6731041, at 5 (S.D. Fla. Oct. 27, 2020).

Mr. Sconzo says he spent two hours preparing this motion for attorney's fees and its supporting documents. Generally, in Florida, attorneys' fees may only be recovered for litigating the issue of entitlement to fees, and not for litigating the amount of fees to be awarded. Stated another way, the accepted rubric has been that a party cannot be awarded "fees for fees." *State Farm Fire & Casualty Co. v. Palma*, 629 So. 2d 830 (Fla. 1993). Using this standard as a guidepost, I find that the two hours spent were for litigating the fees to be awarded and I recommend that Mr. Sconzo's time be reduced to 20.9 hours for a total of $8,015.00[2]

3. <u>Plaintiff's Motion for Costs</u>

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). However, such presumption is not without limits, and courts may only tax

---

[2] This sum includes a total of 3.7 hours reduced by two-thirds and 1.3 hours subtracted for clerical work.

6

costs as authorized by statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441-442. This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Notably, courts have interpreted 42 U.S.C. § 12205 to expand costs awarded in ADA cases beyond those usually awarded under §1920.

> Neither Section 12205, nor the statute on which it was based, 42 U.S.C. § 1988, defines the term "costs." However, the Court agrees with Plaintiff that the inclusion of the term "litigation expenses, and costs" in the statute indicates that the intent was to make the statute much broader than simple "costs" statutes, and to allow for the recovery of all litigation expenses as well.

*Brother v. BFP Investments, Ltd.*, 2010 WL 2978077, at 8 (S.D. Fla. June 1, 2010), report and recommendation adopted, 2010 WL 2978080 (S.D. Fla. July 26, 2010).

Here, Plaintiff seeks to recover $2,804.25.00 in costs. ECF No. 44 at 9. These costs are listed as follows:

7

| | |
|---|---|
| Filing Fee | $  402.00 |
| Process Server Fee | $    52.25 |
| Expert Fees | $1900.00 |
| Litigation Resolution – Mediation Services | $  450.00 |
| TOTAL: | $2,804.25 |

The fees for filing the complaint in federal court and service of process on the Defendant are taxable costs and should be awarded. *See Watson v. Sea Grill of Coral Gables, LLC*, No. 22-CV-20601-JEM, 2022 WL 18108547, at 4 (S.D. Fla. Dec. 19, 2022) (prevailing ADA plaintiff entitled to receive $402.00 for clerk's filing fee), report and recommendation adopted, No. 22-20601-CIV, 2023 WL 34690 (S.D. Fla. Jan. 4, 2023); *Wish v. MSC Crociere S.A.*, 2009 WL 347793, at 1 (S.D. Fla. Feb. 11, 2009) (court can award private process servers' fees, provided their rates do not exceed those charged by the U.S. Marshal, which is currently $65.00/hr) (citing 28 C.F.R. § 0.114(a)(3)). Mediation services fees are discretionary under the uniform guidelines, I find they are reasonably necessary to prosecute the case and should also be awarded. *In re Amendments to Uniform Guidelines for Taxation of Costs*, 915 So. 2d 612, 616-17 (Fla. 2005).

4. <u>Expert Fees</u>

Mr. Sconzo hired an expert, Giovannia Paloni. Ms. Paloni's invoice charged a lump sum of $1,900.00 for seven line items: (1) Review and verify violations that have been reported by the plaintiff, (2) Determine general violations at property which do not comply with Federal 2010 ADA standards, (3) Review pictures provided for specific violation(s) on property. Pictures were taken and reviewed and given to the

attorney, (4) Search 2010 ADA violation codes conforming to the information provided from photographs and plaintiff information, (5) Prepare and provide specific violation information to attorney, (6) Consultation with plaintiff's attorney regarding all information pertinent to the resolution of the case between the defendant and plaintiff, and (7) Additional fee for preparation of formal expert report. ECF No. 44 Ex.2C. Ms. Paloni prepared her Non-Compliance Report approximately four months *after* Subculture PGA conceded the allegations in the complaint. ECF No. 44 Ex.2B.

"A prevailing ADA plaintiff may recover expert fees as a litigation expense." *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (citing *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002)); *see also Sierra v. JRF, Inc.*, No. 16-62111-CIV, 2017 WL 1929961, at 2 (S.D. Fla. Jan. 9, 2017). "A court may reduce an expert's fee, however, where the fee is excessive." *Access 4 All, Inc. v. Atl. Hotel Condo. Ass'n, Inc.*, No. 04-61740-CIV, 2006 WL 8431482, at 7 (S.D. Fla. Apr. 27, 2006) (citing *Access for the Disabled, Inc., v. CSM Props. P'ship.*, 2005 WL 1528662, at 2 (M.D. Fla. June 25, 2005)). Appling the Johnson factors and considering "what a reasonable, paying client would be willing to pay," bearing in mind "all of the case-specific variables," I find the noncompliance report to be cumulative and excessive considering the circumstances in this case and I reduce it by one-third to a total of $1,267.

## REPORT AND RECOMMENDATION

Accordingly, I **RECOMMEND** that the District Court **GRANT IN PART** and **DENY IN PART** Plaintiff's Motion for Attorney's Fees and Costs in that Plaintiff

9

recover attorney's fees in the amount of $8,015.00 and costs in the amount of $2,171.25 for a total of $10,186.25.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 23rd day of July 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE